ISAAC NEWHALL, JR. *vs.* ABIJAH JENKINS.

Under *St.* 1852, *c.* 312, § 60, convicts in the state prison, brought into court by writ o. *habeas corpus,* are competent witnesses.

It is no objection to the competency of testimony, that it is given under such inducements as would render it inadmissible in evidence against the witness in a criminal case.

ACTION OF TORT for the conversion of three hundred pairs of shoes.

At the trial in the court of common pleas, two witnesses were put on the stand by the plaintiff, who were brought by writ of *habeas corpus* from the state prison, where they were imprisoned under sentences for burglary and larceny. These witnesses testified that they participated in a larceny of the shoes in question from the plaintiff, committed with the previous knowledge and concurrence of the defendant, and that the defendant afterwards bought the shoes of the witnesses. There was evidence tending

to show that the deputy warden of the state prison had a conversation with these witnesses, in the prison, in reference to this case, a few days before the trial, and told them that it would be better for them to tell the whole truth about the affair. The defendant contended that the evidence of the convicts was not competent; and also that, if the jury were satisfied that inducements were held out to them by the deputy warden, as above stated, their evidence was not to be considered by the jury. But *Perkins*, J. declined so to instruct the jury, and instructed them that it was all competent evidence, and to be considered by the jury in making up their verdict. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. C. Bancroft*, for the defendant. 1. The provision of *St.* 1852, *c.* 312, § 60, that "no person shall be excluded from giving evidence, by reason of incapacity from crime," did not contemplate the removal of convicts from prison to court for the purpose of being used as witnesses. The legislature did not intend to render convicts in prison competent witnesses, but only those who had served out the term of their imprisonment.

2. The rules of evidence, as to the confessions of accomplices in criminal cases, are applicable in a civil action to the confessions of accomplices to criminal acts, upon which the action is founded. The declaration of the deputy warden to the convicts, "that it would be better for them to tell the whole truth," would, in a criminal case, have rendered their confessions incompetent evidence. 1 Greenl. Ev. § 219, and cases cited.

*S. H. Phillips*, for the plaintiff, was stopped by the court.

By THE COURT. 1. The statute of 1852, *c.* 312, § 60, is perfectly clear to the point that prisoners, under sentence for any crime, are competent witnesses. These witnesses were in court, and testified, and the statute is a sufficient answer to the objection to their competency.

2. The rule, excluding confessions made under undue influence, applies only to the confessions of a person on trial in a criminal case. The confessions of these witnesses were not offered in evidence against them; and it does not appear that they refused to answer for fear of criminating themselves.

*Exceptions overruled.*